STATE v. ROBINSON.

1. SUPREME COURT—FACTS IN LAW CASE.—This court has no power to consider alleged errors of fact committed by the Circuit Judge in refusing to set aside a verdict in a case at law.

2. TESTIMONY RECEIVED WITHOUT OBJECTION cannot be urged on appeal as error in the court below.

3. CONNECTED CRIMES.—Defendant being charged with breaking into a store house of A, the State may introduce testimony to show that a store house of B in the same locality was also broken into on the same night.

4. CHARGING JURIES.—There is no error in refusing to charge a request which states a proposition of law that has no application to the facts in issue.

5. IBID.—Where a judge charges correctly in his own language the law declared by this court, it is not error if he neglects to charge a request upon the subject couched in the language of a decision of this court.

6. IBID.—FACTS.—The judge cannot properly charge that circumstances relied on as corroborative of the testimony of an accomplice, are not sufficient corroboration, as the force of testimony is left wholly to the jury.

7. EVIDENCE—CONNECTED CRIMES.—Defendants being charged with stealing from the house of A, evidence of the contents of a box found in defendant's possession was admissible, even though it turned out that the goods in such box were goods stolen from another house on the same night.

Before IZLAR, J., Florence, May, 1891.

As the reporter has not been furnished with a legible Brief in this case, it is impossible to do more than print the opinion of this court.

*Messrs. McNeil & Hursey* and *Harllee & Hanckel,* for appellants.

*Mr. Wilson,* solicitor, contra.

February 24, 1892.    The opinion of the court was delivered by

MR. JUSTICE POPE.    The appellants, who were defendants below (except Lucius Cooper and Albert C. Perry, who had not been arrested), were tried at the Court of General Sessions for Florence County, at the May term, 1891, of said court, before his honor, Judge Izlar, and a jury, upon an indictment containing two counts, one alleging the charge of breaking and entering in the night time the store house of E. F. Douglass and Company, with an intent to commit a felony, and the other alleging the crime of grand larceny.    They were found guilty and sentenced, on the 29th day of May, 1891, to imprisonment in the State penitentiary at hard labor each for the period of five years. A motion for a new trial, on the grounds hereafter stated, was made before the Circuit Judge, which was refused.    Thereupon such defendants appealed to this court upon the following grounds:

1. Because it is respectfully submitted, that the presiding judge erred in refusing to grant a new trial: (a) That the admission of evidence, on the part of the State, of the breaking of Mr. Heape's store, and the breaking of Mrs. Bethea's store, was error. (b) That the evidence in the case is not sufficient to justify a verdict of guilty.

2. Because his honor erred in not charging the jury as requested, "that it is not the practice or usage to hold the accomplice, who appears as a witness for the State, to indictment and punishment for the offence, but the contrary has been the custom."

3. Because his honor erred in refusing to charge the jury as requested, "that if corroborating circumstances are relied upon as confirmation of the testimony of the accomplice, they must be such as to convict the defendants, or one or more of them, with such corroborating circumstances."

4. Because his honor erred in not charging the jury as re-

quested, "that though the testimony of an accomplice is compe-
tent, yet that it is advisable that the jury should require the tes-
timony of an accomplice to be supported by corroborating cir-
cumstances proven by unimpeachable witnesses."

5. Because his honor erred in refusing to charge the jury as
requested, "that the proof of the existence of facts known gener-
ally, such as a house near the tobacco factory, and the breaking
of the store of Messrs. E. F. Douglass and Company, are not
such corroborating circumstances as should be considered in this
case."

6. Because his honor erred in admitting evidence of the break-
ing into the store house of Mrs. J. W. Bethea, which occurred
on a different night from that charged in the indictment (the de-
fendants not being on trial for the offence of breaking into the
said Bethea's store), and it is insisted that any testimony other
than that related to the breaking of the store of E. F. Douglass
& Co., the only breaking charged, is incompetent and irrelevant.

7. Because his honor erred in admitting as evidence goods
proven to have come from the store of Mrs. J. W. Bethea.

Appellants here urge error, first, because the Circuit Judge
refused their motion for a new trial. This court has so often and
so emphatically laid down the rule, that no other errors
than those of law in the Circuit Judge when he refuses a
motion for a new trial, will be here considered, that it is
deemed useless to cite authorities in support of this position. Did
the Circuit Judge commit an error of law? Certainly the excep-
tion "b" of appellants under this division of their grounds of
appeal presents no error of law. Was there any such error in
the exception "a"? If, on the trial, testimony as to the
breaking into the store houses of Mr. Heape and Mrs.
Bethea was allowed to be given without objection on the
part of defendants, we do not see how this can be imputed as an
error on the part of the Circuit Judge. It is too late after testi-
mony has gone to the jury and a verdict rendered by the jury
for a defendant to complain. The testimony at the trial showed
that Mr. Heape's store house was broken into on the very
night that that of E. F. Douglass & Co. was broken into
and robbed, and from our view of the law applying to this

class of crimes, this would not have been error in the Circuit Judge if he had admitted such testimony over defendants' objection. But as to the testimony referring to the breaking into the store house of Mrs. Bethea. After reading the testimony, we fail to discover any objection made by defendants to the introduction of such testimony. We therefore are obliged to overrule these objections. If counsel desire to have alleged errors corrected, it is their duty to lay the foundation for the same by objection to the proposed testimony before it is given, or by moving before the Circuit Judge to have such testimony expunged after it is given. By either of such methods this court is able to lay its hand upon the Circuit Court for the correction of error of law therein.

The second ground of appeal alleges an error in the Circuit Judge for failing to charge one of their propositions of law when duly requested so to do. If this request to charge had no practical application to the case undergoing trial, but, on the contrary, was a legal abstraction, it was no error on the part of the Circuit Judge. It is no part of courts to resolve themselves into tribunals where impracticable theories are to be set at rest. From the "Case," by which alone this court must be guided, it nowhere appears that the trial of Leb Scott was referred to. The indictment does not contain his name, and no reference in the testimony is made to him as a party on trial or to be tried. Such being the case, we fail to see, as before remarked, any error on the part of the Circuit Judge in the matter here complained of.

The third ground of appeal presents no substantial error, for the Circuit Judge in his charge to the jury was exceedingly careful to lay down the law as the same had been fixed by the decision of this court, bearing upon the testimony of an accomplice, and it is not error in a Circuit Judge to prefer his own plan of presenting to the jury the rules they ought to observe in testimony of this character. We must therefore overrule this ground of appeal. The fourth ground of appeal belongs to the same class of exceptions as those just considered as involved in the third ground of appeal just considered. It must be dismissed.

The fifth ground of appeal complains that his honor refused, in effect, to interfere with the constitutional prerogatives of the jury to determine for themselves what force they should give testimony adduced before them. Besides, a careful study of the testimony in the case at bar, discloses many matters of corroboration to the testimony of the accomplice other than that embraced in this ground of appeal, for it must be remembered that portions of the property stolen were found in the hands of another defendant besides Leb Scott. In addition, there were other circumstances of corroboration.

As to the sixth ground of appeal, we will remark that it is disposed of by this court in overruling the exception "a" to the refusal of the Circuit Judge to grant a new trial in this case, and is therefore overruled.

As to the seventh ground of appeal, we find no error here, for it was impossible to know beforehand what was contained in the box buried in the island of "Pie Branch." Besides, it was only a part of much plunder secreted by Leb Scott, and was inseparably connected with his transactions of crimes, in which, in the light of the verdict here, every one of these appellants were parties. We must also dismiss this ground of appeal.

The judgment of this court is, that the judgment of the Circuit Court in this case be affirmed, and the cause be remitted to the Circuit Court for such further orders as may be necessary to carry its judgment into practical effect.