## F. F. FISHER v. THE TERRITORY OF OKLAHOMA

(Filed September 6, 1906.)

CRIMINAL LAW—Accomplice—Corroboration of—When Sufficient —Instructions. Where one is on trial for felony and the accomplice testifies against him, he is entitled to have the court instruct the jury that, "A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof" and where the trial court, upon request, refuses to include in his instructions a statement that the corroboration is insufficient if it merely show the circumstances of the crime, or words of like meaning, such refusal constitutes reversible error, for which a new trial will be granted.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before Frank E. Gillette, Trial Judge.*

*J. A. Baker,* for plaintiff in error.

*P. C. Simons, Attorney General* and *Don C. Smith, Asst.* for defendant in error.

Opinion of the court by

BURWELL, J.: The defendant, F. F. Fisher, was indicted with Dick Coleman and Herman Bertram for the crime of larceny from the person.

It is the theory of the prosecution that there was a conspiracy between these defendants and one Maud Jarvis, a

common prostitute at the time, to steal money from the person of one G. L. Reiser, and that pursuant to such conspiracy Reiser was gotten drunk, and that Maud Jarvis took the money from him, in a wine room in a saloon in the city of Lawton. Fisher was tried separately from the other defendants. The jury found him guilty and he was sentenced to a term of three years in the territorial penitentiary.

On the trial Maud Jarvis testified that Fisher told her at two different times that Reiser had three or four hundred dollars on him, and proposed that they get it. She also testified to other damaging circumstances against Fisher, some of which were corroborated by other witnesses. She also testified that just immediately before she took the money Dick Coleman told her to go down to the wine room where Reiser was and get the money, or he would get it himself; that she went to the wine room found Reiser and Fisher there, but that Fisher went to another part of the saloon and began playing cards; that she took the money and hid it in one of the beds up stairs, and that Dick Coleman, who was under the bed at the time, took the money, and it was subsequently divided between her and Coleman. Fisher never received any of the money. The evidence further showed that Fisher was with Reiser more or less during the evening and night of the larceny, and that Reiser was pretty drunk. Taking the evidence all together, we are not prepared to say that it does not support the verdict, and although the defendant urges its sufficiency, it is not necessary to decide that point, as there is at least one other question presented by the record which will reverse the case.

On the trial the court gave the following instructions:

"The jury are instructed that a conviction cannot be had in this case upon the testimony of an accomplice, unless the testimony of such accomplice is corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense.

"The corroborating testimony to be sufficient as such, must be proof of such facts and circumstances, or proof of such facts, or proof of such circumstances, which, standing alone, tend to connect the defendant with the crime. By the word 'accomplice' as here used, is meant a person who has participated in the commission of the offense charged, and the court instructs the jury that the witness Maud Jarvis, upon her own testimony is and was an accomplice in the commission of the crime charged in the indictment in this case, and that her testimony must be corroborated; that is, that the jury must find from the evidence introduced in the case that her testimony has been corroborated to the extent that corroboration has been by this instruction required, before the jury can be justified in finding the defendant guilty, if her testimony is relied upon in reaching a conclusion of guilt."

To the giving of this instruction, the defendant duly excepted. His counsel requested the following instruction, which was denied, and an exception saved.

"The court instructs you, gentlemen, of the jury, that Maud Jarvis or Maud Anderson (her name having been changed by subsequent marriage), is an accomplice in this case, if you find that any offense has been committed, and that a conviction cannot be had upon her testimony, unless she be corroborated by such other evidence as tends to connect the defendant, Fisher, with the commission of the of-

fense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

The instruction contained other provisions which were not justified by the evidence, and the instruction as requested was properly refused.

The defendant complains that the expression "or the circumstances thereof," is omitted from the instruction given, and that by reason of such omission the defendant was prejudiced.

Section 5209 of the Statutes of Oklahoma of 1893, provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

It will be seen that the part of the instruction quoted above and which was denied by the court was based squarely upon this section of the statutes, and if given, would have advised the jury that proof of the circumstances of a crime is not a sufficient corroboration of an accomplice to authorize a conviction, while the instruction given by the court nowhere contained such a statement.

The legislature in its wisdom declared in positive terms that a corroboration of an accomplice which merely shows the commission of a crime or the circumstances thereof, is not sufficient. The defendant was entitled to have the jury advised of this rule of the law, and having been denied this safeguard it is possible that the jury may have given to the

evidence of the accomplice, Maud Jarvis, greater weight than it otherwise would have received. *Taylor v. Commonwealth,* (Ky.) 8 S. W. 461. See also foot note to case of *Stone v. State,* (Ga.) 98 Am. St. Reports 143.

Other reasons are assigned, but it is unnecessary to discuss them.

For the reasons stated, the judgment of the lower court is hereby reversed and a new trial granted, at the cost of the territory.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.