## S. V. CAMP v. STATE.

No. A-1165. Opinion Filed June 22, 1912.

(124 Pac. 331.)

1.  **LARCENY—Grand Larceny—Evidence of Value.** (a) In a trial for grand larceny, where the offense was not committed by taking property from the person of another, the evidence must establish beyond a reasonable doubt that the value of the property taken exceeded $20.

    (b) Where property was taken on a number of different occasions, each separate taking constituted a separate and distinct offense, and a person cannot be convicted of grand larceny upon proof that the entire property taken on such different occasions exceeded $20 in value.

2.  **EVIDENCE—Evidence of Accomplice—Corroboration.** Where the entire evidence in a case shows that a witness who was an accomplice testified for the state, a conviction upon his testimony will be set aside unless it is corroborated by other evidence tending to connect the defendant with the offense committed.

(Syllabus by the Court.)

*Appeal from District Court, Custer County;*
*Jas. R. Tolbert, Judge.*

S. V. Camp was convicted of larceny and appeals. Reversed and remanded.

*Thomas W. Conner, N. Rummons,* and *O. J. Logan,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. First. At the March, 1909, term of the district court of Custer county, Okla., an indictment was returned against S. V. Camp and Ben Hughes for grand larceny, alleged to have been committed during the month of February, 1907. The indictment charged said defendants with larceny of a quantity of clothing, the property of one Jeff D. Simpson, of the reasonable value of the sum of $20.

Upon the trial of this case J. D. Simpson testified that in 1907 he was engaged in the dry goods business in Arapaho, Custer county, Okla.; that some time in February, 1907, he discovered some goods were missing from his store. On cross-examination the witness testified as follows:

"Q. Mr. Simpson, can you tell the court or jury that any particular number of those goods or any value of them were taken at any one time? Or that they were taken all at one time? A. Well, the shoes as I stated before [counsel interrupting the witness]— Q. Now, wait a moment. Just answer the questions. Can you tell the court or jury? A. I was just fixing to tell you, Mr. Jones. They were taken at a half a dozen times. There had been a continuous round of robberies ever since it commenced. Q. Well now, that is all."

Clyde Schwab testified for the state that he was a clerk in the employment of witness Simpson. He testified that he first remembered missing goods from the store in November, 1906. This witness testified that he could not testify that all of the goods lost were taken at the same time. His testimony on this subject was as follows:

"Well, we missed goods at different times. Maybe one time we would miss a lot of goods, and maybe several days later would be looking for something else, and there had been goods taken there, too. I could not say whether they were all taken at once or taken at different times."

We have examined the record carefully, and fail to find any testimony that the value of the property taken at any one time exceeded $20. Counsel for appellant made this point in their brief, and insisted that, under the evidence, appellant should not have been convicted for more than petit larceny. It was therefore the duty of the attorney for the state, if there was any evidence in the record showing that goods had been taken at any one time worth exceeding $20, to call our attention to it. As he has not done so, and as we have been unable to find such testimony, we feel that we should sustain the contention of counsel for appellant, and hold that the testimony in this case does not support a verdict for grand larceny.

Our statute upon this subject is as follows:

"Sec. 2593. Larceny Divided.—Larceny is divided into two degrees; the first of which is termed grand larceny, the second petit larceny.

'Sec. 2594. Grand and Petit Larceny.—Grand larceny is larceny committed in either of the following cases: 1. When the property taken is of value exceeding twenty dollars. 2. When such property, although not of value exceeding twenty dollars in value, is taken from the person of another. Larceny in other cases is petit larceny." (Comp. Laws 1909.)

Second. The only evidence in the record which connects appellant with the theft of the goods charged in the indictment is that of the state's witness Charles White. The record shows that White pleaded guilty to horse stealing in the district court of Cook county, Tex., in 1909, and was sentenced to the penitentiary for the period of two years. In 1903 he pleaded guilty in the United States court for the Southern District of the Indian Territory sitting at Ada to an indictment charging him with grand larceny, and he was again sentenced to the penitentiary for the period of two years. In 1907 he was convicted of arson in the territorial court of Oklahoma, and sent to the penitentiary for twenty years. It was also in evidence that he had been convicted of other offenses at other places. We cannot understand how a jury could be induced to send any man to the penitentiary upon the unsupported testimony of such a witness. From reading the entire record we are satisfied that, if the state's

witness White was not himself the thief who robbed the store of J. D. Simpson, he was at least an accomplice in such offenses. Under these conditions, a conviction could not be legally had upon his testimony unless corroborated by other testimony tending to connect the defendant with the offense committed.

Section 6836, Comp. Laws 1909, is as follows:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

We find no such corroboration in the record. It matters not how anxious a jury may be to believe an accomplice, the law is that they cannot convict upon his evidence unless corroborated by other testimony tending to connect the defendant with the offense committed. This is the plain mandate of our statute, and it is our sworn duty to see that it is enforced. If the law considers an accomplice as infamous and will not allow a conviction upon his unsupported evidence, how much more infamous is a man who is not only an accomplice in this case, but who has time and again pleaded guilty to grand larceny, and also been convicted and sent to the penitentiary for twenty years for arson? We are loath to disturb the verdict of a jury, but we feel that justice and the statute requires that this verdict should be set aside. The evidence as a whole is altogether insufficient to sustain the conviction of appellant.

The judgment of the lower court is reversed, and the cause remanded.

ARMSTRONG and DOYLE, JJ., concur.