## H. T. GILLAM v. STATE.

No. A-1579.   Opinion Filed October 11, 1913.

(135 Pac. 441.)

EVIDENCE—Testimony of Accomplice. A verdict of guilty upon the uncorroborated testimony of an accomplice is contrary to law and to the evidence. Held, that the evidence is not sufficient to support the verdict.

*Appeal from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

H. T. Gillam was convicted of stealing a horse, and he appeals.   Reversed.

*J. R. Witty* and *Crawford & Bolen,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, J.   Plaintiff in error was tried on an indictment charging that he did take and steal one gelding, the property of L. T. West, P. M. West, and M. L. West. He was found guilty, and in accordance with the verdict of the jury was sentenced to imprisonment in the penitentiary for one year. He prosecutes error to have the record of his conviction reviewed and the judgment reversed.

The only question that we deem necessary to consider is the alleged insufficiency of the evidence to support the verdict. It is disclosed by the record that the state prosecuted on the theory that defendant was concerned in the theft by aiding and abetting its commission. To sustain the charge the state called P. M. West of Calvin, who testified that he and his brothers bought the horse from a man living near the defendant, and when turned out in the spring the horse went back down there; that the horse was branded "P," and when recovered was branded "J. R."; that defendant told witness about the horse being with defendant's horses, and told him about taking off a wire that fastened a bell on the horse because it was hurting the horse's

neck. J. H. Payne testified that he saw Walter and Oscar Gouge change the brand. The only testimony tending to incriminate the defendant was that of Oscar Gouge, who testified that defendant told him, if he would bring defendant some "stuff," defendant would give him half value for it, and would let him have some horse stock; that he took a black mare owned by Sam Ray, and let the defendant have her for $10; that defendant let him have a horse branded "P", and after he had the horse about two weeks he changed the brand with carbolic acid, and made it "J. R.," but witness Payne was not present.

The contention of counsel for plaintiff in error is that the conviction cannot be sustained upon the uncorroborated testimony of an accomplice. Our Procedure Criminal provides (section 5884, Rev. Laws 1910):

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

A verdict of guilty upon the uncorroborated testimony of an accomplice is contrary to law and to the evidence.

The judgment appealed from is therefore reversed, and the cause remanded.

ARMSTRONG, P. J., concurs. FURMAN, J., not participating.