Argued October 27, reversed November 24, 1914.

## STATE v. BUNYARD.

(144 Pac. 449.)

**Criminal Law—Grounds for Reversal—Refusal of Instruction—Corroborative Testimony.**

1. A conviction of larceny on the testimony of an accomplice will be reversed on appeal, where the trial court has refused a requested instruction in the language of Section 1540, L. O. L., on the degree of evidence required to corroborate the testimony of an accomplice, and has failed to use language of similar import in the general charge.

　　[As to convicting on testimony of accomplice, see notes in 71 Am. Dec. 671; 34 Am. Rep. 408; 98 Am. St. Rep. 158.]

**Criminal Law—Instructions—Evidence.**

2. In a prosecution for larceny, an instruction that when other corroborating evidence has been offered, "as in this case," it was for the jury to determine the weight to be given the testimony of the accomplice was erroneous, as stating that corroborating evidence had been received; the determination of whether or not evidence offered for that purpose corroborates the testimony of an accomplice being exclusively for the jury.

From Harney: DALTON BIGGS, Judge.

The defendant, L. R. Bunyard, was indicted, tried and convicted of the crime of larceny, and from the judgment and sentence following such conviction, appeals.　　REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. J. W. Biggs, Mr. Merwin Rankin* and *Messrs. Emmons & Webster,* with oral arguments by *Mr. Rankin* and *Mr. Lionel R. Webster.*

For the State there was a brief over the names of *Mr. William H. Brooke,* District Attorney, *Mr. John L. Rand, Mr. C. H. Leonard* and *Mr. Andrew M. Crawford,* Attorney General, with oral arguments by *Mr. Brooke* and *Mr. Rand.*

In Banc.　MR. JUSTICE MOORE delivered the opinion of the court.

The defendant, L. R. Bunyard was convicted of the crime of larceny, alleged to have been committed in Harney County, Oregon, July 15, 1912, by unlawfully taking and carrying away one calf, the property of the Pacific Livestock Company, a corporation, and he appeals from the resulting judgment. It is contended that the only evidence received of the commission of the alleged crime, or of the defendant's participation therein, or connection therewith, or of the ownership of the animal, was the uncorroborated testimony of accomplices, and, such being the case, an error was committed in giving, over the exception of defendant's counsel, the following instruction:

"An accomplice, gentlemen, is one who aids, abets or assists another in the commission of a crime, and,

in reference to the testimony of an accomplice, I instruct you that a conviction cannot be had upon the testimony of an accomplice alone unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime; but when other corroborating evidence has been offered, as in this case, it is for you to say from all of the evidence as to what weight you will give to the testimony of the accomplices, as all other witnesses in the case.''

1. It is also maintained that an error was committed in denying a request to charge the jury as follows:

''I instruct you that a conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime, and the corroboration is not sufficient if it merely show the commission of the crime or the circumstances of the commission''

—to which refusal an exception was taken. Omitting from the part of the charge requested the clause ''I instruct you,'' the remainder of the language is a correct transcript of the statute governing the evidence of an accomplice and prescribing when such testimony is sufficient: Section 1540, L. O. L. The court neglected to include in the instructions given that part of the statute which reads:

''And the corroboration is not sufficient if it merely shows the commission of the crime, or the circumstances of the commission.''

In *Fisher* v. *Territory*, 17 Okl. 455 (87 Pac. 301), it was held that where a person was on trial for a felony, and an accomplice testified against him, the party accused was entitled to have the court instruct the jury that ''a conviction cannot be had upon the testimony of an accomplice unless he be corroborated

by such other evidence as tends to connect the defend-
ant with the commission of the offense, and the cor-
roboration is not sufficient if it merely show the com-
mission of the offense or the circumstances thereof'';
and where the trial court, upon request, refused to
include in its instructions a statement that the corrob-
oration was insufficient if it merely showed the cir-
cumstances of the crime or words of like meaning,
such refusal constituted reversible error, necessitat-
ing a revocal of the judgment of conviction and the
granting of a new trial. In that case Mr. Justice
BURWELL, in referring to a statute of Oklahoma which
is identical with Section 1540, L. O. L., except that
where the word "crime" and the clause "or the cir-
cumstances of the commission" appears in our enact-
ment, the word "offense" and the phrase "or the cir-
cumstances thereof" are to be found, said:

"The legislature, in its wisdom, declared in positive
terms that a corroboration of an accomplice, which
merely shows the commission of a crime, or the cir-
cumstances thereof, is not sufficient. The defendant
was entitled to have the jury advised of this rule of
the law; and, having been denied this safeguard, it is
possible that the jury may have given to the evidence
of the accomplice, * * greater weight than it other-
wise would have received."

In *Taylor* v. *Commonwealth,* 10 Ky. Law Rep. 169
(8 S. W. 461), it was ruled that an error had been
committed in omitting from an instruction a part of
a section of the Code of Kentucky, which provided
that "the corroboration is not sufficient if it merely
shows that the offense was committed or the circum-
stance thereof," in consequence of which a judgment
of conviction was reversed and a new trial granted.

To the same effect see, also, *State* v. *Smith,* 102 Iowa, 656 (72 N. W. 279).

Our statute has prescribed the degree of evidence required to corroborate the testimony of an accomplice, and where a request to instruct a jury in the phraseology of the enactment is denied, and the court in its general charge fails to employ language of similar import, a conviction based upon the testimony of an accomplice is the result of a mistrial.

2. In the instruction given, to which an exception was taken, the court, referring to evidence supplementary to that already given and tending to strengthen and confirm it, said:

"But when other corroborating evidence has been offered, as in this case, it is for you to state from all the evidence as to what weight you will give to the testimony of the accomplice, as to all other witnesses in this case."

The statute in prescribing instructions that may be given reads:

"In charging the jury, the court shall state to them all matters of law which it thinks necessary for their information in giving their verdict, but it shall not present the facts of the case, but shall inform the jury that they are the exclusive judges of all questions of fact": Section 139, L. O. L.

"When the evidence," says a text-writer, "clearly shows that a witness is an accomplice, and a statute requires the testimony of an accomplice to be corroborated, an instruction that the witness is an accomplice and hence needs corroboration is proper. But whether the testimony of a witness is corroborated is exclusively a question for the jury, and their province must not be invaded by the court": 12 Cyc. 600.

It is the exclusive function of the jury to determine whether or not evidence offered for that purpose cor-

roborates the testimony of an accomplice: 12 Cyc. 604; *Burney* v. *State,* 87 Ala. 80 (6 South. 391); *Noland* v. *State,* 19 Ohio, 131; *State* v. *Robinson,* 35 S. C. 340 (14 S. E. 766).

An error was committed in stating to the jury that corroborating evidence had been received.

Other errors are assigned, but, believing they will not be repeated, the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.