## STATE v. ROY WILKS.

No. A-3347—Opinion Filed March 1, 1920.

(187 Pac. 813.)

(Syllabus.)

1. **EVIDENCE—"Confession"—Statement Not Admitting Guilt.** A statement made by a defendant in regard to a crime charged which does not admit his guilt is not a confession, and is not subject to the rule that to be admissible such statement must first be shown to have been voluntary, nor is such statement inadmissible because prior to making same a defendant was not warned that any statement made by him could be used against him.

2. **EVIDENCE—Corroboration of Accomplice.** A conviction cannot be had on the uncorroborated evidence of an accomplice, and it is not sufficient corroboration to merely connect a defendant with the accomplice in the crime, but evidence, independent of the testimony of the accomplice, must tend to connect a defendant with the crime itself, and not simply with its perpetrators.

*Appeal from District Court, Pottawatomie County;*
*Charles B. Wilson, Jr., Judge.*

Roy Wilks was tried for robbery and was acquitted in the district court of Pottawatomie county, and the

State appeals on questions of law reserved for review on appeal. Affirmed.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.    This is an appeal taken by the state from the district court of Pottawatomie county upon the following questions of law reserved by the state in the trial of Roy Wilks, who with others was informed against for robbery, tried separately, and acquitted:

First.    The exclusion of the evidence of the sheriff as to a statement made by the defendant to him.

Second.    The court's advising the jury to acquit the defendant.

The evidence of the state fully proves that the robbery was committed as charged in the information, but the connection of the defendant, who was shown by the evidence to have been engaged in the business of auto livery, with the perpetration of the robbery, was not shown by other evidence than that of accomplices who admitted their guilt.

T. J. Darden testified that he was the sheriff of Pottawatomie county, and that he had had the defendant in custody since the Saturday night following the robbery, that he had had a conversation with him in the jail, and was asked to recite the conversation, to which an objection was interposed and the jury withdrawn from the courtroom. In the absence of the jury the witness further testified that he, without the request of the defendant so to do, had him brought from his cell in the jail to the office of the jail, where at the time the assistant county at-

torney, Mr. Durham, was, and told the defendant that he did not have to talk to them unless he wanted to, that he did not, and he did not hear Mr. Durham warn the defendant that any statement made by him could be used against him; that the defendant was asked by Mr. Durham, in the presence of witness, if he knew where he was going when he went out there, and answered "yes"; that Mr. Durham asked the defendant another question, to which the defendant replied, "You must think I am a fool"; that practically the only statement the defendant made was "that he knew where he was going". The court sustained the objection to the evidence, and the state excepted. Thereupon the state offered to prove by said witness that witness and Mr. Durham, the assistant county attorney, had had a conversation with the defendant in which the defendant stated, in substance, that he knew where he was going that night, meaning on the night that the robbery was committed, and that the defendant and one of the Yarber boys remained in the car about a quarter of a mile from the scene of the robbery, while the other Yarber boy and the Havill boy went to the house, and that they remained at the car until the Yarber boy and the Havill boy returned. The court then asked the county attorney, "You are going to undertake to prove a conversation between you and Mr. Darden and the defendant under the circumstances related by Mr. Darden in his *voir dire* examination, are you?" to which the assistant county attorney replied, "Yes, sir, and that the defendant stated in substance that he went in the capacity of a liveryman, and that he received pay as such." To the admission of this evidence the defendant objected, and the court sustained the objection, and the defendant excepted.

The state having rested, the defendant moved the court to advise the jury to return a verdict of not guilty, which motion the court sustained and the state excepted.

. We are of the opinion that the statement made by the defendant to the sheriff and the assistant county attorney in the jail "that he knew where he was going when he went out there," was not a confession of guilt, especially when it is remembered that the defendant was engaged in the livery business. That the defendant had knowledge of where he was going was consonant with his innocence, and therefore the statement was not subject to the rule that, to be admissible, it must be shown that it was voluntarily made. *Wilson v. State,* 17 Okla. Cr. 49, 183 Pac. 613, and authorities there cited.

The offer to prove by the sheriff, after his rigid examination, in whch he testified that practically the only statement made to him by the defendant in the presence of the assistant county attorney was that the defendant knew where he was going, other statements made at the same time, was in effect an offer to contradict the testimony of the sheriff. Such offered evidence was without merit, and the court did not err in excluding the same.

While we do not approve of the procedure had in this case to endeavor to secure incriminating evidence against the defendant, we are of opinion, since the statement tended to show the proximity of the defendant to the scene of the robbery and, with other evidence, which the court could not rightfully anticipate would not be offered, it might be material, that the court was in error in excluding the statement, but, the state having failed to offer other evidence of the defendant having participated

in the crime charged, other than the evidence of the accomplices, the exclusion of the statement made by the defendant was harmless.

If the excluded evidence of the sheriff as to the statement made by the defendant had been admitted, as we think it should have been, the only evidence the jury would have had of the defendant having participated in the robbery, other than that of accomplices, was that he knew where he was going when he went out there. Certainly, taking into consideration that the defendant was a liveryman, such evidence was not sufficient to corroborate the evidence of the accomplices and sustain the defendant's conviction, and the court did not err in advising the jury to acquit him. There being no evidence, except that of the accomplices, tending to connect the defendant with the commission of the robbery charged, and the evidence of the accomplices not being corroborated, the court did not err in advising the jury to acquit the defendant.

Our Procedure Criminal provides (section 5884, Rev. Laws 1910) :

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

See *Gillam v. State,* 10 Okla. Cr. 176, 135 Pac. 441; *Kirk v. State,* 10 Okla. Cr. 281, 135 Pac. 1156.

For the reasons stated, the question reserved by the state as to the exclusion of the evidence of the sheriff as to the statement made by the defendant to him and the

assistant county attorney is held as error, and the question reserved by the state as to the trial court instructing the jury to acquit the defendant must be held adversely to the state.

The judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.