### RAY FINCHUM v. STATE.

No. A-6082. Opinion Filed May 31, 1928.
(267 Pac. 688.)

Sherman M. Smith and Mauntel & Spellman, for plaintiff in error.

George F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Woodward county on a charge of larceny of domestic animals and was sentenced to serve a term of three years in the state penitentiary.

The principal witness for the state was one Ora Warren, who, as an accomplice, testified that he and defendant in the nighttime took two steers from the pasture of James Hastings to defendant's ranch and butchered them and early the next morning took the eight quarters to Mooreland and sold them to Miller Bros., meat dealers there. This witness was charged with defendant, put under bond, and made arrangements with the prosecuting authorities to become a witness for the state. The sole ground relied upon for a reversal is that there is no sufficient corroboration of the testimony of Warren, who, according to his testimony, is an accomplice. There is considerable evidence in the record. Two hides found in the hide house at Woodward on August 12 purport to be the hides from the two stolen steers. The description of the hides is minutely testified to and there appears no question but what the hides mentioned in evidence were from the steers belonging to Hastings. These hides were traced to the town of Mooreland and the evidence tends to show that one Miller sold them to a local merchant in Woodward, in whose possession they were found. The name of Miller was indorsed on the information as a state's witness, but was not called. There is a hiatus in the proof. The hides are not traced to defendant. Aside from the testimony of the accomplice, Warren, it is not shown that defendant sold them to Miller or delivered them to any one else by whom they were delivered to Miller, or that he ever had possession of them. We have searched the recrod with care and are not able to find that there is any testimony corroborating the accomplice tending to connect defendant with the commission of the offense charged as required by section 2701, Comp. St. 1921. Under this section of the statute and by many decisions of this court there must be corroboration of the testimony of an accomplice in the particular stated. It is not necessary that the corroborating evidence cover every material point in the accomplice's testimony, but it must be of some substantial fact or facts tending to connect de-

fendant with the crime. It need not be direct, but may be circumstantial. When there is such corroboration its sufficiency is for the jury. Where there is not such corroboration it is the bounden duty of this court to prevent a violation of section 2701, by a reversal of the judgment.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.