## BANKS STEVENSON v. STATE.

No. A-7866.   Opinion Filed March 28, 1931.

(297 Pac. 328.)

Jesse H. Dunn, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was jointly charged with Limon Williams of the crime of the larceny of one heifer of the bovine species, the property of Get Russell; was tried separately and convicted, and sentenced to be imprisoned in the state penitentiary for a term of two years.   From which judgment the defendant has appealed.

The testimony of the state tends to show that there was taken from the place of the prosecuting witness one

two year old heifer; the defendant and Limon Williams were charged jointly with the larceny of said heifer; Limon Williams, who was jointly charged with this defendant, was used as a witness for the state, and testified he and the defendant stole the heifer alleged to have been stolen.

Abe Mulkey, a witness called by the state, was permitted, over the objection of the defendant, to testify, in part, as follows:

"Q. What did Williams say? A. Williams said he got the yearling from Russell—had bought the yearling from Russell and that was about the extent. We talked quite a while, and I told him the best thing he could do was just to tell the truth about it.

"Q. Now, then, did he tell you how they got the yearling? A. Well, no, he said something about the way they got the yearling—it was drove up—drove the yearling out there but I don't remember just what it was. I am not positive just what time he said it was. It was after he and Banks and Limon drove the heifer in.

"Q. What did they do over at Davis with the yearling?

"Mr. Dunn: Objected to as hearsay, incompetent, irrelevant and immaterial, as to what Limon told him.

"The Court: Overruled.

"Mr. Dunn: We object.

"Q. (By Mr. Powell) Was Banks Stevenson and Limon Williams together when they were talking to you there?

"Mr. Dunn: May it please your Honor, it is hearsay evidence—it is an accomplice—a statement made out of the presence of the other which is wholly incompetent.

"Mr. Powell: Mr. Dunn knows what the purpose of the question was for.

"Q.  Was Banks Stevenson and Limon Williams together when they were talking to you there?  A.  Banks Stevenson was in the front part of the car with Mr. Williams and Limon Williams was in the back end with me, in the turtle back—it had a turtle back, if I remember right, and we were sitting back there.

"Q.  Well, could Banks hear the conversation between you and Limon Williams?  A.  I don't think so—I would not be positive—I don't know whether he heard it or not.

"Q.  Well, did you have any other conversation in their presence where they did hear?  A.  No."

The contention of the state was that Limon Williams and the defendant, while acting together, stole the yearling.  The statements of the witness Abe Mulkey as to the conversation had with Limon Williams shows that whatever conversation he had with Williams was after the larceny had taken place, the animal sold, and the money received, and was made in the absence of the defendant, after the conspiracy had ended.  It is urged by the defendant that the statements of Williams to the witness Mulkey were prejudicial to his rights, and were inadmissible.

In Washmood v. U. S., 10 Okla. Cr. 254, 136 Pac. 184, the court held:

"If such evidence is to be admitted it must be proven first:  that the conspiracy actually existed, and the declaration made must be in pursuance of a common design, but nothing said or done by one conspirator in the absence of the one on trial after the crime has been accomplished is admissible."

In Wolfe v. State, 38 Okla. Cr. 412, 262 Pac. 505, this court, in the syllabus, said:

"Where two or more persons are jointly charged with the commission of a crime, and only one of them is put

upon trial, statements made by a codefendant after the termination of the conspiracy between the defendant and codefendants, if any existed, in the absence of the defendant on trial, are not admissible against defendant; and where such statements are prejudicial, their admission is reversible error."

The holding of the court in Washmood v. U. S., and Wolfe v. State, supra, was cited with approval in Schuh v. State, 44 Okla. Cr. 275, 280 Pac. 869.

The defendant testified he had nothing to do with the stealing of the yearling or selling it; the butcher to whom the yearling was sold stated the defendant was not present, and that he made the check payable to Limon Williams, the same name as the codefendant in this case.

It is further contended by the defendant that there is no corroboration of the accomplice, Limon Williams, other than the testimony of the witness who was permitted to testify over the objection of the defendant to conversation had with Williams in the absence of the defendant.

After a careful examination we fail to find any testimony corroborating the accomplice as to the larceny of the animal alleged to have been stolen. This court has repeatedly held that there must be corroboration of an accomplice before the court will be warranted in affirming a judgment. The corroborating evidence must connect or tend to connect the defendant with the commission of the crime. It must, not only show the commission of the offense and circumstances thereof, but must also implicate the accused in it. Fisher v. Territory, 17 Okla. 455, 87 Pac. 301.

In Finchum v. State, 40 Okla. Cr. 192, 267 Pac. 688, this court, in the syllabus, said:

"To allow a conviction to stand upon the testimony of an accomplice not corroborated by other evidence tending to connect defendant with the commission of the offense charged is a violation of section 2701, Comp. St. 1921; there cannot be a conviction unless there is proof of some substantial fact or facts tending directly or circumstantially to connect defendant with the commission of the offense aside from and without the aid of the accomplice's testimony."

The court erred in permitting the witness Mulkey to testify to statements made by the codefendant in the absence of the defendant. There is no competent testimony corroborating the codefendant Limon Williams. The testimony is insufficient to sustain the judgment.

The case is reversed.

CHAPPELL, J., concurs. EDWARDS, J., not participating.