LOUIS McNACK v. STATE.

No. A.-9208.    Aug. 27, 1937.
(71 Pac. 2d 317.)

Garrett, Kyser & Garrett, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and A. Camp Bonds, Co. Atty., for the State.

BAREFOOT, J.  The defendant, Louis McNack, was jointly charged with John Henry Green and Leon Pride in the district court of Muskogee county with the crime of burglary in the second degree.  The defendant took a severance, was tried and convicted, and was sentenced to serve a term of three years in the penitentiary, and has appealed to this court.

The defendant lived with his mother in the town of Braggs.  A man by the name of Dick Gilliland owned a store there, and it was burglarized on Saturday night, February 23, 1936.  Some of the merchandise, valued at about $208, was found in a field south and west of the home of defendant.  Several other homes were also in this same vicinity.  The three defendants were arrested and charged with the burglary.  John Henry Green, one of the codefendants, was tried and convicted.  He did not testify at his own trial, but after his conviction, and while he was in the county jail, upon a promise of leniency by the county attorney (the county attorney made this statement

himself at the trial of defendant), took the witness stand against defendant and implicated him in the burglary, admitting that he and his codefendant Pride and the defendant committed the crime. He claimed that while the three were in the penitentiary at McAlester some five months prior thereto they had entered into an agreement to rob this store; that he and Pride came to Ralston on the day of the robbery and during the night of February 23d, with the defendant, robbed the store. The only witnesses used by the state were the owner of the store, who testified to the burglary and the finding of the goods the next day and identifying them; the deputy sheriff who found the goods the next day after the burglary and arrested the defendants and the witness John Henry Green. The testimony of these two witnesses in no way connects the defendant McNack with the commission of the crime.

The defendant denied that he had participated in the burglary; denied that he had talked to the defendant at McAlester; and said that he did not know the defendant and did not see him until the morning after the burglary was committed. We have carefully examined the record in this case and do not find that there is any evidence that corroborates the witness Green in his testimony that the defendant participated in this burglary. This witness not only admits that he was an accomplice in the commission of the offense, but says that he has just recently been discharged from the penitentiary at McAlester; that he had been sentenced to the penitentiary at least three different times. His story is very unreasonable.

Our Code of Criminal Procedure provides (section 3071, Okla. Stats. 1931 [22 Okla. St. Ann. § 742]):

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evi-

dence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

This court, in construing this statute, has held many times that a conviction cannot be had on the uncorroborated evidence of an accomplice and it is not sufficient corroboration to merely connect the defendant with the accomplice in the crime, but evidence, independent of the testimony of the accomplice, must tend to connect a defendant with the crime itself, and not simply with its perpetration. State v. Wilks, 17 Okla. Cr. 247, 187 Pac. 813; Wever v. State, 22 Okla. Cr. 414, 211 Pac. 1062; Finchum v. State, 40 Okla. Cr. 192, 267 Pac. 688; Camp v. State, 7 Okla. Cr. 531, 124 Pac. 331; Brady v. State, 40 Okla. Cr. 241, 268 Pac. 317; People v. Janssen, 74 Cal. App. 402, 240 Pac. 799; People v. Ryland, 28 Hun (N. Y.) 568; Pate v. State, 91 Tex. Cr. R. 471, 239 S. W. 967; State v. Lay, 38 Utah, 143, 110 Pac. 986.

Judge Hurt of the Court of Criminal Appeals of Texas lays down the exact rule in the case of Welden v. State, 10 Tex. App. 400, when he says:

"We suggest this mode as a proper test: eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witness or witnesses with the view to ascertain if there be inculpatory evidence—evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated; if there is no inculpatory evidence, there is no corroboration, though the accomplice may be corroborated in regard to any number of facts sworn to by him."

For the reasons above stated, the judgment of the district court of Muskogee county is reversed.

DAVENPORT, P. J., and DOYLE, J., concur.