**Jimmy DORROUGH, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14305.**

Court of Criminal Appeals of Oklahoma.

July 3, 1968.

Rehearing Denied July 31, 1968.

Charles Yon, Oklahoma City, for plain-
tiff in error.

G. T. Blankenship, Atty. Gen., Charles
L. Owens, Asst. Atty. Gen., for defend-
ant in error.

## MEMORANDUM OPINION

NIX, Presiding Judge:

Jimmy Dorrough was convicted of Grand
Larceny in the District Court of Custer
County. The charge arose out of taking
various automobile parts from a W. C.
Wells, Jr., whose hobby was rebuilding
old cars. It is conceded that the parts
were taken on at least three different
occasions.

Mr. Atwood, a salvage dealer, testified
that the two tires and rims taken were
worth $5.00, and all the junk, (together)
taken was worth $12.00. The prosecuting
witness testified that all of the items taken
on the three or more occasions had a value
of $75.00. This is all the evidence the·
State produced to bring the alleged theft
under the category of Grand Larceny, or a
total of items valued in excess of $20.00.

▮ This Court, in Johnson v. State,
Okl.Cr., 314 P.2d 366, held the law to be:

"Where property was taken on a number
of different occasions, each taking con-
stituted a separate and distinct offense,
and a person cannot be convicted of
grand larceny upon proof that the value
of the entire property taken on such
different occasions exceeded $20 in
value." See, also, Camp v. State, 7 Okl.
Cr. 531, 124 P. 331.

This appears to be the law in Okla-
homa. The Attorney General, in his brief,
concedes this is the present law, and is
decisive of this appeal.

▮ It is, therefore, the order of this
Court that the evidence is not sufficient
to support the charge of Grand Larceny,
and that the cause be Reversed and Re-
manded with Instructions to Dismiss.

BUSSEY and BRETT, JJ., concur.