**Jackie Eugene McMANUS, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–73–328.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1973.

Rehearing Denied Nov. 20, 1973.

As Corrected Dec. 6, 1973.

Sam Sullivan, Durant, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Joe Crosthwait, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Bryan County, Case No. CRF–73–30, appellant, Jackie Eugene McManus, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Burglary in the Second Degree. His punishment was fixed at five (5) years imprisonment. From that judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Carrol Thomas testified that on December 18, 1972, he maintained his residence at Rural Route 2, approximately three miles east of Durant, Oklahoma, on old Highway 70. On this evening he left his residence at approximately 6:30 p. m. Upon his departure he testified he closed the door but did not lock it. Upon his return to the residence, at approximately 8:00 that same evening he observed a

phonograph, a color television, and two guns had been removed from the premises. He identified State's Exhibit 1 as the color television and State's Exhibit 2 as the phonograph removed from the premises. On re-direct examination he testified he gave no one permission to enter the premises and remove these items.

Clifford Eugene Sexton testified he purchased State's Exhibits 1 and 2 from defendant on December 18, 1972. At the time of the transaction, defendant was accompanied by Ricky Smith and another person, name unknown. In exchange for these exhibits, Sexton testified he delivered the purchase price of $150.

Ricky Dean Smith testified that on December 18, 1972, he, defendant, and Larry discussed burglarizing the Thomas residence. They phoned the home and determined that no one was present. Subsequently, they drove to the Thomas residence and the trio removed State's Exhibits 1 and 2 from the premises. Thereafter, they drove from the residence to Clifford Sexton's home, unloaded them and consumated a sale.

Deputy O. W. Highfill testified he found State's Exhibit 1 at the Sexton residence and State's Exhibit 2 at the residence of Phil Reece.

Thereafter, the State rested.

The defense rested without the presentation of evidence.

Defense counsel asserts one proposition of error arguing the evidence is insufficient to support the verdict as the accomplice's testimony, which places the defendant at the scene of the burglary, is uncorroborated. The rule generally stated provides that when no evidence except that of the accomplice tends to connect defendant with a burglary, the evidence is insufficient to sustain a jury's verdict. McNack v. State, 62 Okl.Cr. 285, 71 P.2d 317 (1937). In the instant case there is corroborating evidence. The testimony of the purchaser of State's Exhibits 1 and 2 established the purchase from defendant was made on the same date the stolen property

was removed from the Thomas residence. Further, the purchaser testified the accomplice accompanied the defendant in the delivery of the property and was present at the time of the sale. We find this to be sufficient evidence to corroborate the accomplice's testimony. See Nation v. State, Okl.Cr., 478 P.2d 974 (1971) and Honeycutt v. State, Okl.Cr., 432 P.2d 124 (1967). We therefore find this proposition to be without merit. The circumstantial evidence plus the accomplice's testimony is sufficient to prove the elements of the burglary offense and place defendant at the scene of the burglary.

The judgment and sentence is affirmed.

BUSSEY and BRETT, JJ., concur.