### ARTHUR HASTINGS v. THE STATE.

*No. 749.   Decided October 25.*

1. **Aggravated Assault—Self-Defense—Continuance.**—On a trial for aggravated assault, an application for a continuance was properly overruled where the object was to procure testimony to show that defendant acted in self-defense; the other evidence adduced showing, beyond question, that the fight was voluntarily entered into by defendant.

2. **Same—Charge of Court.**—When the evidence does not raise the issue of self-defense, it is proper that the court should refuse to charge upon such issue.

3. **Evidence Sufficient.**—See evidence held amply sufficient to sustain a conviction for aggravated assault.

APPEAL from the County Court of Hopkins. Tried below before Hon. J. M. MORRIS, County Judge.

Appellant was charged, by information, with an aggravated assault made upon one Bye Millhollon with a knife. At his trial he was convicted of said offense, and his punishment assessed at a fine of $50.

As shown by the record, the testimony, in substance, is: That defendant and Millhollon were hack-drivers. A dispute arose between them at the depot, the defendant having charged Millhollon with acting unfairly and in violation of an agreement, by going on the train of cars to solicit or drum passengers for his hack. After a wordy altercation at the depot, the parties got upon their respective hacks and started for town. On the way to town the quarrel was renewed, and the parties bantered each other, using very vulgar and indecent language, to get down off his carriage. They both got down and started for each other, each having the small end of his carriage whip wrapped around his hand. According to

a majority of the witnesses, when they approached each other within striking distance, and about half-way between their hacks, defendant delivered the first blow, and when Millhollon struck defendant, the latter warded off the blow, caught Millhollon's arm, dropped his whip, drew his knife, and cut Millhollon on the ribs, when Millhollon jerked away from him and ran. The wound on Millhollon, which he exhibited to the jury, was about four inches long. The knife used by defendant was a large pocket-knife.

No briefs with the record.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for aggravated assault and battery.

Appellant sought to continue the cause for the testimony of an alleged absent witness, by whom he expected to prove facts tending to show that he acted in self-defense. The statement of facts places it beyond question that the fight was voluntarily entered into by the combatants, both using their carriage whips, and that appellant also resorted to the use of his knife, which he freely used upon his adversary, cutting him several times. The evidence set out in the application is not probably true. The testimony found in the record excludes any theory of self-defense. The court did not err in refusing the continuance.

This view of the case disposes of the remaining questions suggested, to-wit, the failure of the court to charge the law of self-defense, and the insufficiency of the evidence to support the conviction.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.