### P. S. ADAMS v. THE STATE.

No. 1415. Decided November 29, 1911.

Rehearing denied December 20, 1911.

**1.—Incest—Charge of Court—Accomplice—Bill of Exceptions.**

Where, upon appeal from a conviction of incest, the complaint to the court's charge on accomplice testimony did not point out any error therein, the same was too general; besides, the charge was correct. Following Campbell v. State, 57 Texas Crim. Rep., 301, and other cases.

**2.—Same—Charge of Court—Accomplice.**

Where the testimony of the State's witness would make her an accomplice, the court properly charged that she was an accomplice. Following Spencer v. State, 52 Texas Crim. Rep., 289, and other cases.

**3.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not state the ground of objection to the testimony, the same could not be considered on appeal; besides, the testimony was admissible.

**4.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions stated no reason for the objection, the same could not be considered on appeal.

**5.—Same—Sufficiency of the Evidence—Corroboration.**

Where, upon trial of incest, the testimony of the prosecutrix was sufficiently corroborated, there was no error.

Appeal from the District Court of Callahan. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*F. S. Bell* and *Otis Bowyer,* for appellant.—On question of admitting testimony of defendant's wife: Pickard v. State, 62 Texas Crim. Rep., 602, 138 S. W. Rep., 601; Johnson v. State, 28 Texas Crim. App., 17; Hamilton v. State, 26 Texas Crim. App., 206.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Callahan County, charged with incest, and when tried, was convicted, and his punishment assessed at five years confinement in the penitentiary.

1. In the first ground of his motion for a new trial the appellant complains of the following paragraph of the court's charge:

"I instruct you that if, in fact, a crime was committed, the witness, Birdie Graham, is an accomplice.

"Now, you can not convict the defendant upon her testimony alone, unless you first believe that her testimony is true and shows that the defendant is guilty of the offense with which he is charged, and then you can not convict the defendant upon said testimony, unless you further believe that there is other testimony in the case corroborative of the accomplice's testimony, tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense charged, but it must tend to connect the defendant with the commission."

The bill recites that "as soon as the charge was read to the jury, the defendant objected to the above portion of same, and the court overruled defendant's objection, to which action of the court defendant excepted," etc. No reason is assigned as a ground of objection, and it is not attempted to point out any error therein. Neither is this done in the motion for a new trial, therefore, the complaint is too general to be considered. But the charge is in the form approved by this court in the cases of Campbell v. State, 57 Texas Crim. Rep., 301, 123 S. W. Rep., 583; King v. State, 57 Texas Crim. Rep., 363, 123 S. W. Rep., 135; Brown v. State, 58 Texas Crim. Rep., 336, 124 S. W. Rep., 101.

2. The court did not err in charging that Birdie Graham was an accomplice. Her testimony would make her an accomplice. Sessions v. State, 37 Texas Crim. Rep., 58; Spencer v. State, 52 Texas Crim. Rep., 289.

3. In his second bill of exceptions the defendant complains of the testimony of the witness, Mrs. Callie Kolb. In the bill, the defendant

does not state any ground of objection, but merely states that he objected to the testimony. The bill, therefore, is insufficient to bring the matter before us for review; but in the light of the court's explanation, the testimony would be admissible. The court states:

"This bill is approved only with the following explanation and qualification, to wit: The following is a copy of the stenographer's notes as to what transpired concerning the testimony of this witness: 'Mrs. Callie Kolb was called by the State as a witness on direct testimony for the State, and with reference to any objection to her testimony by defendant's counsel, the following occurred: 'Q. (Mr. Morris) State to the jury whether or not Mrs. Adams, the wife of defendant, has ever at any any time complained to you?' Mr. Bowyer: I object to detailing as to the relationship existing between her and Berdie Graham. I object to him using the testimony of the wife against the defendant.' 'The Court: I sustain the objection.' 'Mr. Morris: I believe his objection is well taken.' 'Mr. Bowyer: No questions.' (Witness excused.) At this juncture, the witness was excused, and later on was called by the State in rebuttal, and during her rebuttal testimony, defendant's counsel made no objection whatever.

"After the direct testimony of this witness, on page 8 of statement of facts, the defendant then placed Mrs. P. S. Adams (wife of defendant, on the stand), who denied every material element of the State's case, and on cross-examination, for the purpose of impeachment, the State asked her, without objection from the defendant, if sometime in February, at the home of Mrs. McPhail, she had not stated to Mrs. Callie Kolb, that her husband and Berdie Graham had been sleeping together; and if about a week or ten days later, at the same place, she did not tell Mrs. Callie Kolb that she had arranged to leave home, and hid her clothes out about the barn, but did not get off? All of this she denied. (The court, on his own motion, limited this evidence to impeachment.) Then in rebuttal, the State, without any objection whatever from the defendant, proved the predicate by Mrs. Callie Kolb, and the court, on his own motion, again limited this evidence to impeachment purposes only."

4. In his third bill of exceptions, the defendant states he objected to a portion of the testimony of the witness, Felix Raines, in the bill defendant stating: "And the defendant, at the time it was offered, objected to that part of said testimony concerning the manner in which the sheriff fixed up the cell, but stated no reason to the court for such objections, and the court overruled defendant's objections to said testimony." In this condition we can not consider the bill, for he can not assign reasons in this court not urged in the trial court. However, we have read the testimony, and there is nothing that could be hurtful in that part objected to.

5. The only other ground in the motion for a new trial is that the testimony is insufficient to convict, in that the testimony of Berdie Graham is insufficiently corroborated. The testimony of Dr. Frazier

shows that Birdie Graham had intercourse with some one. Birdie Graham testifies that all the acts of intercourse were in the bed with defendant and his wife. The testimony of E. A. Lucy, Mrs. Callie Kolb, Fonnie Callahan, and others, tends to show that Birdie Graham, defendant, and his wife, all slept in the same bed. The witness, Joe Tisdale, corroborates the testimony of Birdie Graham in regard to defendant shaking his head at Birdie Graham when they were called to appear before the grand jury. From reading the statement of facts carefully, we are of opinion that the testimony of Birdie Graham is fully corroborated.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 20, 1911.—Reporter.]