## VIRGIL PATE v. THE STATE.

No. 6889. Decided April 12, 1022.

1.—Robbery—Accomplice—Insufficiency of the Evidence.

Where, upon trial of robbery, it appeared there was nothing in the record at all tending to connect the accused with the robbery, in the absence of the testimony of his accomplice, the judgment must be reversed and the cause remanded.

**2.—Same—Accomplice—Charge of Court—Form of Charge.**

Where, upon trial of robbery, depending upon the evidence of an accomplice, the charge was not in conformity with approved precedent, the lower court is directed to a form of charge approved by this court. Following Brown v. State, 57 Texas Crim. Rep., 576, and other cases.

**3.—Same—Charge of Court—Joint Assault.**

Where, upon trial of robbery, the indictment charged an assault upon two certain persons and the use of violence toward both of them, and thus charged a joint assault, the court could not instruct the jury to find defendant guilty if an assault was committed upon either of them, or violence used toward either of them. Following Barton v. State, 88 Texas Crim. Rep., 370, and other cases.

Appeal from the District Court of Hunt. Tried below before the Honorable George B. Hall.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Evans & McCoy*, for appellant.—Cited Needham v. State, 233 S. W. Rep., 966; Boone v. State, 235 id., 580.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Hunt County of the offense of robbery, and his punishment fixed at five years in the penitentiary.

Appellant's principal complaint is of the insufficiency of the evidence to corroborate an accomplice witness named Rogers, who was a confessed participant in the alleged robbery charged. We have carefully examined the record. It was claimed by the State that on the date alleged two negroes named Cozine and Hampton were assaulted by three young men at about 9:30 o'clock at night near a certain overhead bridge in Greenville, Texas, and robbed of certain money and other articles alleged to be in part the property of one of said injured parties, and in part the property of the other. The alleged accomplice testified that the robbery was committed by appellant who, at the point of a pistol, compelled him and one Dollar to take from the two negroes their property. All three of the parties had been indicted by the grand jury for the alleged offense, and the negroes contradict Rogers in any claim that he and Dollar were coerced or ordered by the third party, and they testified that they were robbed by three white men on the occasion in question.

For the purpose of determining whether there be any evidence in the record tending to connect the appellant with the commission of the offense, save that of the accomplice witness mentioned, we pursue the well known method of considering the other evidence and ex-

cluding from our consideration the evidence of the accomplice, in order to decide the question presented. The two negroes who were robbed testified substantially the same and to the effect that they were held up on the occasion in question by three men, one of whom held a pistol on them and the other two of whom went through their clothes and took from them substantially the property described in the indictment. Each of said witnesses stated that he could not identify appellant as one of the robbers. Each had been carried to the jail soon after the appellant was arrested and testified on the trial that they could not then identify him. Mr. Baer swore that he saw three young men together on the afternoon preceding the night of the robbery at the West End Garage. Rogers and Dollar were two of said young men, but witness declined to identify appellant as the third. From the West End garage this witness said he went with the boys over to the Katy depot. He does not disclose what boys he went with from said garage to said depot. Mr. Nix, sheriff, said he arrested appellant at Alba a week or ten days after the robbery. Mr. Cecil, constable, swore that the afternoon preceding the night of the robbery he saw ''that man sitting there and the cross-eyed man, one I have learned since was named Dollar, and Baer, I saw them to-gether at the West End garage and later they walked over to the Katy depot.'' Mr. Fowler said he saw three boys on the night of the robbery near Mr. Kimberlin's house but they ran and he could not identify any of them.

This is the substance of the State's testimony aside from that of the accomplice. None of the property of the injured parties was traced to appellant. No witness seems to have even placed him in the city of Greenville on said occasion, unless we are to infer from the statement of Mr. Cecil that ''that man'' meant appellant herein; in which case Mr. Cecil would be in the attitude of testifying that he saw appellant in Greenville on the afternoon of the alleged robbery that night. We are unable to give our assent to the incarceration of a citizen of this State in the penitentiary upon corroborative evidence of no greater strength than appears in the instant case. In the absence of the testimony of the accomplice it would appear to us that there would be nothing in the record at all tending to connect the accused with the robbery of the two negroes at 9:30 at night on the occasion mentioned in the indictment.

In view of a reversal of the case made necessary by what we have above stated, and of the possibility of another trial upon which the State may strengthen its case, we call attention to what we believe to be an erroneous charge on the question of accomplice testimony. Paragraph five of the court's charge is as follows:

''A conviction cannot be had upon the testimony of a principal unless corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient

if it merely shows the commission of the offense, it must tend to connect the defendant with the commission of the offense.

In this case you are instructed that the witness, Vernon Rogers, is a principal to Virgil Pate and Ira Dollar in the commission of the offense charged, if said offense was committed by the said Vernon Rogers, Virgil Pate and Ira Dollar.

Now, you cannot convict the defendant upon the testimony of Vernon Rogers alone unless you first believe his testimony is true and connects the defendant with the offense charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative testimony of the said witness Vernon Rogers, tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense charged.''

This charge is not in conformity with any approved precedent known to us. We do not believe that the jury should be told that a conviction cannot be had upon the testimony of a principal, etc., and further that in the instant case the witness Vernon Rogers is a principal to Virgil Pate and Ira Dollar if said offense was committed by said Rogers, Pate and Dollar. Nor is the last clause of said quotation a correct statement of the law. The jury cannot convict the accused upon the testimony of the accomplice which merely connects the accused in some manner with the offense charged. Such connection may be as an accomplice, or it might be as an accessory, or it might be in such way as not to be sufficient to establish his guilt, and this no matter how true the jury might believe the testimony of such accomplice to be. The form of charge approved in Brown v. State, 57 Texas Crim. Rep. 576, is commended. Adams v. State, 64 Texas Crim. Rep. 61; Chandler v. State, 60 Texas Crim. Rep., 329; 131 S. W. Rep. 598.

Nor is the court's charge in paragraph four, wherein the jury are told that if they believe appellant, Rogers and Dollar made an assault upon Cozine and Hampton, *or either of them,* and by violence to Cozine and Hampton, *or either of them,* and by putting Cozine and Hampton, *or either of them,* in fear of life and bodily injury, etc., in accordance with the authorities. It would seem clear that the indictment charges an assault upon both Cozine and Hampton, and the use of violence toward both of said parties, and thus charges a joint assault, and that in such case the court could not instruct the jury to find appellant guilty if an assault was committed upon either of them or violence used toward either of them. Barton v. State, 88, Texas Crim. Rep. 370; Neely v. State, 32 Texas Crim. Rep. 372; Woods v. State, 26 Texas Crim. App. 508; Henly v. State, 61 Texas Crim. Rep. 428; Davis v. State, 68 Texas Crim. Rep., 400; 152 S. W. Rep. 1095.

For the errors mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*