Armstead v. State, 89 Tex. Cr. R. 477, 232 S. W. 519; Collins v. State, 52 Tex. Cr. R. 457, 107 S. W. 852.

[3] The fact that the conduct attributed to the appellant was atrocious and merited punishment cannot take the place of proof establishing the elements of an assault with intent to rape. This court is not justified in sanctioning a conviction where the evidence falls short of the requirements contemplated by the statute defining the offense. Dockery v. State, 35 Tex. Cr. R. 489, 34 S. W. 281.

Deeming the facts revealed insufficient to support the conviction of assault with intent to rape, the judgment is reversed, and the cause remanded.

———

### PATE v. STATE. (No. 6889.)

(Court of Criminal Appeals of Texas. April 12, 1922.)

1. **Criminal law ⬅️511(5)—Accomplice held not corroborated.**

An accomplice is not corroborated by testimony showing, at the most, that defendant was in the city on the afternoon before the robbery occurring there.

2. **Criminal law ⬅️780(3)—Use of word "principal" in accomplice testimony instruction improper.**

Use of word "principal," instead of "accomplice," in instruction that a conviction cannot be had on testimony of a principal, unless, etc., disapproved.

3. **Criminal law ⬅️780(3)—Instruction on accomplice testimony erroneous in use of word "connects."**

Instruction that there can be no conviction on testimony of an accomplice, unless it "connects" defendant with the offense, etc., is bad, as the connection may be as an accessory, or as an accomplice, or in such a way as not to establish his guilt.

4. **Robbery ⬅️20—Under indictment charging joint assault on two, conviction not authorized by assault on one.**

Under an indictment for robbery, charging an assault on, and use of violence towards, two persons—that is, a joint assault—it is error to charge to find defendant guilty if an assault was committed on, or violence used towards, either of them.

Appeal from District Court, Hunt County; Geo. B. Hall, Judge.

Virgil Pate was convicted of robbery, and appeals. Reversed and remanded.

Evans & McCoy, of Greenville, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Hunt county of the offense of robbery, and his punishment fixed at five years in the penitentiary.

[1] Appellant's principal complaint is of the insufficiency of the evidence to corroborate an accomplice witness named Rogers who was a confessed participant in the alleged robbery charged. We have carefully examined the record. It was claimed by the state that on the date alleged two negroes named Cozine and Hampton were assaulted by three young men at about 9:30 o'clock at night near a certain overhead bridge in Greenville, Tex., and robbed of certain money and other articles alleged to be in part the property of one of said injured parties and in part the property of the other. The alleged accomplice testified that the robbery was committed by appellant, who, at the point of a pistol, compelled him and one Dollar to take from the two negroes their property. All three of the parties had been indicted by the grand jury for the alleged offense, and the negroes contradict Rogers in any claim that he and Dollar were coerced or ordered by the third party, and they testified that they were robbed by three white men on the occasion in question.

For the purpose of determining whether there be any evidence in the record tending to connect the appellant with the commission of the offense, save that of the accomplice witness mentioned, we pursue the well-known method of considering the other evidence and excluding from our consideration the evidence of the accomplice, in order to decide the question presented. The two negroes who were robbed testified substantially the same, and to the effect that they were held up on the occasion in question by three men, one of whom held a pistol on them, and the other two of whom went through their clothes and took from them substantially the property described in the indictment. Each of said witnesses stated that he could not identify appellant as one of the robbers. Each had been carried to the jail soon after the appellant was arrested, and testified on the trial that they could not then identify him. Mr. Baer swore that he saw three young men together on the afternoon preceding the night of the robbery at the West End Garage. Rogers and Dollar were two of said young men, but witness declined to identify appellant as the third. From the West End Garage this witness said he went with the boys over to the Katy Depot. He does not disclose what boys he went with from said garage to said depot. Mr. Nix, sheriff, said he arrested appellant at Alba a week or 10 days after the robbery. Mr. Cecil, constable, swore that the afternoon preceding the night of the robbery he saw—

"that man sitting there, and the cross-eyed man, one I have learned since was named Dollar, and Baer. I saw them together at the

West End Garage, and later they walked over to the Katy Depot."

Mr. Fowler said he saw three boys on the night of the robbery near Mr. Kimberlin's house, but they ran, and he could not identify any of them.

This is the substance of the state's testimony aside from that of the accomplice. None of the property of the injured parties was traced to appellant. No witness seems to have even placed him in the city of Greenville on said occasion, unless we are to infer from the statement of Mr. Cecil that "that man" meant appellant herein, in which case Mr. Cecil would be in the attitude of testifying that he saw appellant in Greenville on the afternoon of the alleged robbery that night. We are unable to give our assent to the incarceration of a citizen of this state in the penitentiary upon corroborative evidence of no greater strength than appears in the instant case. In the absence of the testimony of the accomplice, it would appear to us that there would be nothing in the record at all tending to connect the accused with the robbery of the two negroes at 9:30 at night on the occasion mentioned in the indictment.

[2, 3] In view of a reversal of the case, made necessary by what we have above stated, and of the possibility of another trial, upon which the state may strengthen its case, we call attention to what we believe to be an erroneous charge on the question of accomplice testimony. Paragraph 5 of the court's charge is as follows:

"A conviction cannot be had upon the testimony of a principal unless corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, it must tend to connect the defendant with the commission of the offense.

"In this case you are instructed that the witness Vernon Rogers is a principal to Virgil Pate and Ira Dollar in the commission of the offense charged, if said offense was committed by the said Vernon Rogers, Virgil Pate, and Ira Dollar.

"Now, you cannot convict the defendant upon the testimony of Vernon Rogers alone, unless you first believe his testimony is true and connects the defendant with the offense charged, and then you cannot convict the defendant upon said testimony, unless you further believe that there is other testimony in the case, corroborative of testimony of the said witness Vernon Rogers, tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense charged."

This charge is not in conformity with any approved precedent known to us. We do not believe that the jury should be told that a conviction cannot be had upon the testimony of a principal, etc., and further that in the instant case the witness Vernon Rogers is a principal to Virgil Pate and Ira Dollar, if said offense was committed by said Rogers, Pate, and Dollar. Nor is the last clause of said quotation a correct statement of the law. The jury cannot convict the accused upon the testimony of the accomplice which merely connects the accused in some manner with the offense charged. Such connection may be as an accomplice, or it might be as an accessory, or it might be in such way as not to be sufficient to establish his guilt, and this no matter how true the jury might believe the testimony of such accomplice to be. The form of charge approved in Brown v. State, 57 Tex. Cr. R. 576, 124 S. W. 101, is commended. Adams v. State, 64 Tex. Cr. R. 61, 141 S. W. 527; Chandler v. State, 60 Tex. Cr. R. 329, 131 S. W. 598.

[4] Nor is the court's charge in paragraph 4, wherein the jury are told that, if they believe appellant, Rogers, and Dollar made an assault upon Cozine and Hampton, or either of them, and by violence to Cozine and Hampton, or either of them, and by putting Cozine and Hampton, or either of them, in fear of life and bodily injury, etc., in accordance with the authorities. It would seem clear that the indictment charges an assault upon both Cozine and Hampton, and the use of violence toward both of said parties, and thus charges a joint assault, and that in such case the court could not instruct the jury to find appellant guilty, if an assault was committed upon either of them, or violence used toward either of them. Barton v. State, 88 Tex. Cr. R. 370, 227 S. W. 317, 13 A. L. R. 147; Neely v. State, 32 Tex. Cr. R. 372, 23 S. W. 798; Woods v. State, 26 Tex. App. 508, 10 S. W. 108; Henley v. State, 61 Tex. Cr. R. 428, 135 S. W. 133; Davis v. State, 68 Tex. Cr. R. 400, 152 S. W. 1095.

For the errors mentioned, the judgment of the trial court will be reversed, and the cause remanded.