## COUCH v. STATE. (No. 12644.)

Court of Criminal Appeals of Texas. June 19, 1929.

Rehearing Denied Oct. 30, 1929.

Taylor, Muse & Taylor, of Wichita Falls, and Fred K. Spurlock, of Electra, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful manufacture of intoxicating liquor; penalty, five years in the penitentiary.

Officers observed two trucks go to and come away from a barn. The trucks were stopped, and on one was a number of empty gasoline barrels, and on the other in the neighborhood of 80 gallons of whisky. Going to the barn from whence these trucks had come, they found there two complete stills. The stills were warm and smoking at the time. They also found there in the neighborhood of 3,000 gallons of mash, a lot of syrup, and some bran. There were five men there.

The state introduced three witnesses, shown by the officers to have been criminally connected with said offense, and who swore that they had assisted in the operation of the still as employees of appellant, receiving from him $10 per day for their services. They testified to a complete case against appellant, and the court charged the jury they were accomplices, giving a charge not substantially different from the charges given in Chandler v. State, 60 Tex. Cr. R. 339, 131 S. W. 598, and Adams v. State, 64 Tex. Cr. R. 61, 141 S. W. 527. See, also, Branch's P. C. § 709. In addition to these three witnesses, the state introduced two men who lived near the barn, and who testified to appellant's presence at the still on occasions prior to the raid, to his conduct there, and to conversations with him, all of which clearly and sufficiently corroborated the accomplices. The evidence, we think, was entirely sufficient.

Appellant in his motion for a new trial alleges as error the action of the court in forcing him to trial without his counsel, and in the absence of counsel employed by him. He avers that he had theretofore employed counsel, paying him a certain sum of money, and that his said counsel was demanding an additional payment. He nowhere avers that such a demand was wrongful, or that it was not according to contract, and fails throughout to make an equitable showing that the absence of his counsel was through no fault of his. It has been said: "The appellant apparently by his own neglect failed in advance to make arrangements with attorneys to represent him, failed to comply with the rules of procedure with reference to making a written motion to postpone, and in his motion for new trial sets up no equitable ground upon which this court might feel warranted in acting or in concluding that the presence of an attorney would have brought about a more favorable result of the trial." Sowells v. State, 99 Tex. Cr. R. 469, 270 S. W. 558, 560.

This language is peculiarly applicable to

the facts of this case. The appellant in this case made no application to postpone or continue, but, on the contrary, it is shown that "he informed the court he was ready for trial. He did so because he did not know what else to do." It is also averred that he was sick at the time he was brought to trial, but his averment is supported by no proof. It appears that he participated in the trial to some extent, asking a few questions. The court observed the appellant, and was in better position to know than this court could possibly be of his physical condition. In the absence of some showing to the contrary, we must presume the trial court's action was correct. For collation of authorities tending to support the court's action, see Vernon's Ann. Code Cr. Proc. art. 753, note 4; also Mullens v. State, 35 Tex. Cr. R. 149, 32 S. W. 691; Johnson v. State, 84 Tex. Cr. R. 567, 208 S. W. 928.

■ Objections are made to the charge of the court for the first time in the brief of appellant. That these present nothing for review has been held so many times that we deem it unnecessary to cite authorities. We might add in passing that the objections made in the brief do not impress us as being of that serious character which would demand reversal, even if they had been timely and properly made.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J. No bill of exception appears in this record, bringing forward complaint of any proceeding on the trial.

■ Many things are adverted to in appellant's motion for new trial and for rehearing, which, if properly before us, would have gladly received our careful consideration; but, as the record comes to us, the only question we can review is: Was the evidence of the accomplice sufficiently corroborated to permit the judgment to stand, under article 718, Code Cr. Proc. 1925, which expressly forbids a conviction on the testimony of an accomplice unless properly corroborated? Having this in mind, we have carefully reviewed the facts. The accomplice witnesses testified that the stills belonged to appellant, who had hired them to operate the outfit; that appellant would frequently come to the stills, usually at night, and when there would direct the work of manufacturing whisky. A witness, not an accomplice, testified that appellant had told witness the "outfit" belonged to him (appellant), and that he had seen appellant at the stills, "telling the others there what to do, and helping them make

whisky." Another witness, not an accomplice, also testified that appellant had told him that he wanted to "move an 'outfit' in there." To our mind the sufficiency of the corroborative testimony is not open to question.

The motion for rehearing is overruled.